UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH DELGADO,<br><br>         Plaintiff,<br><br>    v.<br><br>JOE A. LIZARRAGA, et al.,<br><br>         Defendants. | No.  2:19-cv-1540 KJM KJN P<br><br>ORDER AND REVISED SCHEDULING ORDER |

Plaintiff is a state prisoner, proceeding pro se.  Defendants' motion to compel responses to one set of a request for production of documents, and two sets of interrogatories, all propounded by defendants Barton and Scheurer, and plaintiff's motion for appointment of counsel are before the court.  As discussed below, the undersigned grants the motion to compel, denies the motion for appointment of counsel, and issues a revised scheduling order.

I. Plaintiff's Complaint

This action proceeds on plaintiff's complaint against defendants Barton, Negrete,[1] and Scheurer, based on plaintiff's claims that on April 4, 2017, at Mule Creek State Prison ("MCSP"), such defendants used excessive force for no legitimate penological reason against plaintiff, resulting in physical injuries and pain and suffering in violation of the Eighth Amendment.

---

[1] A suggestion of death upon the record as to defendant Negrete was filed, and the undersigned has recommended Negrete be dismissed from this action.  (ECF No. 45.)

1

II. Applicable Legal Standards

Under Rule 26 of the Federal Rules of Civil Procedure, [p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

With respect to interrogatories, a party may propound interrogatories related to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a) (2). A party objecting to an interrogatory must state the grounds for the objection with specificity. Fed. Civ. P. 33(b)(4). With respect to requests for production, a party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a). A party objecting to a request for production must state the reasons for the objection. Fed. R. Civ. P. 33(b)(2)(B).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

III. Background & Briefing

On April 23, 2020, the undersigned issued a discovery and scheduling order that explained what information is required to obtain the attendance of witnesses at trial, what evidence is needed to support claims raised herein, and provides that responses to written discovery requests shall be due forty-five days after the request is served. (ECF No. 28 at 1-4.) The discovery requests at issue here were served on June 15, 2020; therefore, plaintiff's responses were to be served on or before July 27, 2020 (July 26, 2020 was a Sunday).

On August 20, 2020, defendants Barton and Scheurer (hereafter "defendants") filed a motion to compel responses to a request for production of documents and interrogatories.

Defendants aver that plaintiff altogether failed to respond to defendants' discovery requests. On September 24, 2020, plaintiff filed a motion for the appointment of counsel, in which he claims he has no access to the prison law library due to the COVID-19 pandemic, and that non-inmate library staff are prohibited from entering plaintiff's housing unit. Plaintiff claims he has been unable to "obtain the defendants' requested discovery from the CDCR," or to access photocopying services.

On November 3, 2020, defendants filed a reply to plaintiff's opposition pursuant to the court's order. (ECF No. 46.) Defendants concede that physical access to the law library is no longer permitted, but that legal materials are available through the paging program, and photocopy services and legal forms are provided through the institutional mail. (ECF No. 47 at 2.) Inmates at MCSP are informed about such revised services through the inmate television system. Pursuant to the MCSP litigation coordinator, plaintiff has not requested paging services during the current modified program, which commenced on March 26, 2020, and plaintiff has not contacted Case Records to request an Olson review "or asked his open line Correctional Counselor how to initiate a file review or how to access his medical records." (ECF No. 47 at 2.) On August 25, 2020, plaintiff submitted a request to review his medical records, but it was on the wrong form; despite being provided the correct form, plaintiff has not yet resubmitted the form.

On November 12, 2020, plaintiff filed a declaration by fellow inmate Robert Tullous, who works as Lead Clerk in the MCSP law library who states that since a modified program[2] was begun in March 2020, physical access to the library is limited to those inmates with Priority Library User ("PLU") status only. Tullous claims that absent physical access, inmates are unable to conduct legal research (library staff does not do research for them), cannot determine what forms are required without access to computers or form catalogs, and cannot access photocopying services. In order to obtain photocopies, inmates must put their legal papers in the inter-institutional mail and "hope it makes it to its destination and back to them intact." (ECF No. 48 at 2.) Tullous declares that "countless" inmates complain that their legal documents have been lost

---

[2] Tullous refers to an attached exhibit, but no exhibit is appended. (ECF No. 48.)

in the institutional mail. (ECF No. 48 at 2.) Other than the declaration by Tullous, plaintiff did not file a rebuttal to defendants' reply.

IV. Discussion

Although plaintiff's responses to the discovery requests were to be served on or before July 27, 2020, plaintiff provided no responses to the discovery requests. In addition, it appears that plaintiff made no effort to contact defendants' attorney to advise plaintiff was unable to obtain photocopies or to gain access to the law library. Plaintiff did not seek relief from the court. Rather, plaintiff simply did not respond. Then, once defendants filed their motion to compel, plaintiff did not file an opposition to the motion or attempt to provide discovery responses, but rather filed a 12-page typewritten motion for appointment of counsel in which plaintiff reiterated his underlying claims, and set forth his alleged inabilities to access the law library or photocopying services.

Similarly, when plaintiff was unable to gain defendants' responses to plaintiff's discovery, plaintiff did not seek relief from the court. Plaintiff could have requested an extension of the discovery deadline.

While the court is not unsympathetic to the difficulties posed by the pandemic, and recognizes that the modified procedures can be challenging. That said, parties and the court are finding ways to adjust and continue with their litigation obligations. Plaintiff may not simply assume that he is not required to respond to discovery requests because he cannot access the law library or obtain photocopies as he used to do, or sit idly by while deadlines run unanswered. Rather, plaintiff must diligently prosecute his action and proactively seek assistance and relief, either by seeking extensions of time from counsel from defendants or from the court.

In addition, Mr. Tullous confirms that a process exists by which inmates may obtain photocopies through the institutional mail. This information contradicts plaintiff's own claim that he can only obtain photocopying services by paying an inmate first for such copies. (ECF No. 44 at 5.) Plaintiff concedes he has "several inmate witnesses' and sworn declarations" (ECF No. 44 at 9), and defendants have a right to discover such declarations. Importantly, in the absence of an ability to photocopy, plaintiff could have at least provided defendants a handwritten list of the

4

documents responsive to the request for production to show his good faith effort to cooperate in discovery, and explain why he was unable to photocopy such documents. In any event, plaintiff was required to identify all witnesses or individuals that support plaintiff's contention that defendant Barton used excessive force against plaintiff. (ECF No. 41-1 at 11 (Interrogatory No. 9.) Failure to cooperate in discovery may result in the imposition of sanctions, including, but not limited to, a recommendation that this action be dismissed. See Fed. R. Civ. P. 37(b)(2)(A) (sanctions may be imposed for failure to comply with a discovery order); Fed. R. Civ. P. 37(d)(3) (sanctions may be imposed for failure to serve answers to interrogatories or to respond to request for production of documents).[3] Moreover, if plaintiff's failure to provide the documents was due to an inability to photocopy, plaintiff could have asked defense counsel for an extension of time, or he could have filed a simple, one page request for extension of time with the court.

As confirmed in plaintiff's motion (ECF No. 44 at 9), the alleged initial use of force by Barton and Negrete (now deceased) occurred behind closed doors in an unoccupied gym with no witnesses until defendant Scheurer arrived; therefore, it is unlikely plaintiff would have any witness statements from inmates or other correctional officers to the initial use of force. If that is the case, plaintiff was required to so advise defendants. (ECF No. 41-1 at 11 (Interrogatory No. 9.))

The court does not condone prison staff losing documents submitted through institutional mail for photocopying. But if plaintiff was concerned about the possible loss, he should have sought court assistance. Moreover, any photocopies of plaintiff's medical records or from his

---

[3] "While a court's inherent authority to dismiss a complaint for discovery violations has been largely subsumed by Federal Rule of Civil Procedure 37(b), a court retains the authority to dismiss a case in 'extreme circumstances.' Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1338 (9th Cir.1985); see also Riverside Memorial Mausoleum, Inc. v. Sonnenblick–Goldman Corporation, 80 F.R.D. 433, 435–36 (E.D. Pa.1978) (dismissal justified by plaintiff's pattern of ignoring court orders and missing deadlines); Lindstedt v. City of Granby, 238 F.3d 933 (8th Cir.2000) (upholding dismissal order under Rule 37 for flagrant and intentional abuse of the discovery process). A dismissal under Rule 37(b) must be predicated on a failure to "obey an order to provide or permit discovery." Fjelstad, 762 F.2d at 1339-40; Schoffstall v. Henderson, 223 F.3d 818, 824 (8th Cir.2000). A "blanket directive to comply with discovery rules" is not such an order. Fjelstad, 762 F.2d at 1340." Ellington v. Alameida, No. S04-0666 DFLKJMP, 2006 WL 3201088, at *1 (E.D. Cal. Nov. 1, 2006).

central file in response to defendants' discovery requests could be reproduced if lost. Further, plaintiff identifies no specific discovery request that would require legal research; rather, the discovery requests seek documentary evidence and factual allegations upon which plaintiff relies to support his claims and request for damages. Defendants are entitled to discover such information, and plaintiff must make a good faith effort to respond to the discovery requests at issue.

In his motion for appointment of counsel, plaintiff claims that since July 2020, he has submitted numerous requests to CDCR medical department (CDCR 7385) to obtain copies of the defendants' requested discovery, but "has not been answered." (ECF No. 44 at 10.) But plaintiff's claim that he was unable to obtain discovery from the CDCR is rebutted by records reflecting that plaintiff has not "requested law library paging services during the current modified program," and had only used the Facility A library five times since 2017, the last time was August 8, 2019. (ECF No. 47-1 at 3.) In addition, there was no record of plaintiff requesting an Olson review of his central files through case records, or asking Counselor Moncus for a central file review or how to access his medical record. (ECF No. 47-1 at 3.) Despite being informed on August 25, 2020, that he had submitted the wrong form and needed to submit a trust account form, and being provided with the correct form 7385, Health Information Management had not yet received plaintiff's request as of November 2, 2020. (ECF No. 47-1 at 3.) Plaintiff concedes he received the August 25, 2020 notice requiring plaintiff to submit an inmate trust account statement, yet it appears he opted not to resubmit the form with the trust account statement because he is indigent. But defendants provided evidence that plaintiff is required to submit the trust account statement and will not be charged if he is indigent. Plaintiff failed to demonstrate that he had properly resubmitted his request after August 25, 2020. Plaintiff is required to follow prison rules and regulations in accessing this information.

Although plaintiff claims he must depose defendants, the discovery rules allow him to propound interrogatories to defendants. Plaintiff appears to have attempted to propound discovery, but apparently missed the deadline set forth in the court's discovery and scheduling order. (ECF No. 44 at 5.) In addition, because plaintiff is required to respond to defendants'

discovery requests, defendants are deprived of an opportunity to seek court intervention if they are dissatisfied with plaintiff's responses because the discovery deadline has passed. Therefore, the undersigned finds good cause to re-open discovery and, as a result, extend the dispositive motions deadline.

Plaintiff is cautioned, however, that he must immediately exhaust prison procedures to conduct an Olson review and to access his medical files to provide the documentary evidence defendants seek, and must answer the interrogatories. Plaintiff must contact Case Records or ask for assistance from his open line correctional counselor, and submit the appropriate Form 7385 along with the trust account statement to the Health Information Management unit. (ECF No. 47-1 at 2-4.) Plaintiff should document his efforts and seek assistance first from appropriate prison staff, then from the court. Plaintiff and counsel for defendants are encouraged to cooperate in exchanging discovery as contemplated by the Federal Rules.

Finally, plaintiff is warned that a failure to wholly respond to discovery responses in the future will result in the imposition of sanctions, including an award of defendants' expenses and attorney fees in bringing a motion to compel, or, in extreme circumstances, a recommendation that this action be terminated. All parties are required to cooperate in the discovery process in good faith.

Request for Appointment of Counsel

Plaintiff seeks the appointment of counsel largely based on his inability to attend the law library, to depose defendants, and the alleged complexity of the legal issues herein.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

The instant case is a fairly straightforward Eighth Amendment case where plaintiff alleges defendants used unnecessary and excessive force on April 4, 2017. The undersigned observes that plaintiff is articulate and well-versed in the facts of his case, and recognizes that this case will likely turn on the credibility of the witnesses to the use of force incident. Indeed, plaintiff has already gathered several inmate witness and sworn declarations. (ECF No. 44 at 9.) This case is still in the discovery process; therefore, plaintiff's likelihood of success on the merits is unclear. Having considered all of the factors under Palmer, the court finds that plaintiff has not met his burden of demonstrating exceptional circumstances warrant the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 41) is granted;

2. Within thirty days, plaintiff shall file responses to defendants' interrogatories and respond to defendants' request for production of documents;

3. The court's April 23, 2020 discovery and scheduling order is revised as follows:

   A. The discovery deadline is extended to March 1, 2021.

   B. The dispositive motions deadline is extended to June 1, 2021.

   C. In all other respects, the April 23, 2020 discovery and scheduling order remains in effect. (ECF No. 28.)

4. Plaintiff's motion for the appointment of counsel (ECF No. 44) is denied without prejudice.

Dated: December 1, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/delg1540.mtc

8