UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH DELGADO,<br><br>    Plaintiff,<br><br>    v.<br><br>JOE A. LIZARRAGA, et al.,<br><br>    Defendants. | No. 2:19-cv-1540 KJM KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. This action proceeds on plaintiff's Eighth Amendment claims alleging the use of excessive force by defendants Barton and Scheurer. Defendants move for leave to file a late motion regarding exhaustion of administrative remedies, and plaintiff moves for an extension of time to file his pretrial statement. As discussed below, defendants' motion is denied, and plaintiff's motion is granted.

Application to File Late Motion

On March 25, 2022, defendants filed an ex parte application for leave to file a motion, on an expedited briefing schedule, regarding exhaustion of administrative remedies, solely as to defendant Scheurer. Defendants acknowledge that plaintiff submitted a grievance that alleges facts forming the basis of his claim against defendant Barton, but contend such grievance did not name or otherwise identify defendant Scheurer or include any factual allegations against defendant Scheurer that form the basis of plaintiff's claim against Scheurer. Current counsel for

defendants was unable to identify the exact reason for the failure to earlier file such an exhaustion motion, stating: "it appears that the attorney(s) previously handling this case intended to file such a motion, as drafts in support of a motion for summary judgment were located in the working case file." (ECF No. 72 at 4.)  Because there were multiple changes in designation of counsel in this case over a short period of time (ECF Nos. 14, 51, 57, 67), trial counsel speculates that the motion was inadvertently not filed.  (ECF No. 72 at 4.)

Plaintiff did not file an opposition to defendants' application to file the late motion.

A defendant bears the burden to both plead and prove that a plaintiff has not exhausted administrative remedies under the PLRA.  Jones v. Bock, 549 U.S. 199, 216 (2007); Albino v. Baca, 747 F.3d 1162, 1168 (9th Cir. 2014) (*en banc*).  Defendants asserted in their answer that plaintiff did not exhaust his administrative remedies.  (ECF No. 26 at 2.)  However, because the dispositive motions deadline expired on August 13, 2021, defendants acknowledge that the scheduling order must be modified to allow defendant Scheurer to move for summary judgment based on an administrative exhaustion defense.

A pretrial scheduling order may be modified if a party, despite its diligence, cannot reasonably be expected to meet that order's deadlines.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  When litigants request changes to the scheduling order, the court's inquiry focuses on their attempts to comply; they must demonstrate their "diligence." See, e.g., id.; Jackson v. Laureate, Inc., 186 F.R.D. 605, 607-08 (E.D. Cal. 1999).  Motions are more often granted when the opposing party's actions caused delay or when the need to amend arises from some unexpected or outside source.  See, e.g., Hood v. Hartford Life and Acc. Ins. Co., 567 F. Supp. 2d 1221, 1225-26 (E.D. Cal. 2008).

Here, defendants do not attribute their need for an amendment to an outside cause; rather, they cite a likely oversight by multiple previously assigned attorneys.  (ECF No. 72 at 3-4.) Trial counsel were added to this case on January 24, 2022, and filed the instant motion on March 25, 2022.  The affirmative defense of exhaustion of administrative remedies was included in the answer, the scheduling order was previously modified on two occasions (ECF Nos. 49, 58), and newly-assigned counsel found a draft motion for summary judgment on the basis of exhaustion in

the defense working case file.  On this record, the court cannot conclude that the defendants were diligent in pursuing their proposed administrative exhaustion defense.  See, e.g., Johnson v. Merck & Co., No. 2:20-cv-0138 KJM DB, 2022 WL 229860, at *3 (E.D. Cal. Jan. 26, 2022) (denying motion to amend scheduling order to correct alleged errors by previously assigned counsel); Fed. Deposit Ins. Corp. v. Ching, No. 2-13-cv-1710 KJM EFB, 2016 WL 1756913, at *3 (E.D. Cal. May 3, 2016) (denying motion to amend scheduling order based on claims of "confusion" about "the effect of the court's previous orders").

The undersigned recognizes newly-assigned trial counsel's efforts to pursue this potentially viable defense, but finds the motion comes too late.  Plaintiff has almost completed his pretrial statement, and the pretrial conference is presently set for June 6, 2022.

Accordingly, defendants' motion is denied.

Request for Extension of Time

Plaintiff filed his third request for an extension of time to file to file a pretrial statement.  Good cause appearing, the request is granted.  No further extensions of time will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' ex parte motion (ECF No. 72) is denied.

2. Plaintiff's motion for an extension of time (ECF No. 73) is granted.

3. Plaintiff shall file his pretrial statement on or before May 2, 2022.  No further extensions of time will be granted.

4. Defendants shall file their pretrial statement on or before June 2, 2022.

5. Pretrial conference on the papers remains set for June 6, 2022.

Dated:  April 18, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/delg1540.36sec+